UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

IMMANUEL A. VILLARREAL,

        Petitioner,

     v.                                Case No.  10-C-1023

DEPARTMENT OF COMMUNITY CORRECTIONS,

        Respondent.

ORDER AMENDING CAPTION AND DENYING MOTION TO DISMISS (DOC. 15)

Immanuel A. Villarreal filed this case under 28 U.S.C. § 2254 to challenge the reimposition of probation upon him after such probation was revoked previously resulting in him serving nineteen months of incarceration.  The case involves a confusing confluence of multiple sentences of varied structure, errors in administration of one of those sentences, and Villarreal's recidivism.  Villarreal, who was convicted in Milwaukee County Circuit Court, has named as respondent the Department of Community Corrections.  His convictions were imposed by the Milwaukee County Circuit Court.

This court screened Villarreal's habeas petition and identified a potential double jeopardy issue.  As a result, it ordered a response and the petition was served on the Wisconsin Attorney General.  The response indicated that the proper respondents are Denise Symdon, Administrator of the Division of Community Corrections, and Kelly Kincaid, Villarreal's supervising agent.  Therefore, the caption will be amended accordingly.  Further, respondents filed a motion to dismiss for failure to exhaust available state remedies, which is addressed below.

VILLARREAL'S CUSTODY HISTORY

A summary of Villarreal's criminal sentences and revocations (or at least a summary of what this court has been able to glean from Villarreal's petition and subsequent documents he submitted) is a must. It appears that on November 5, 2002 (following other convictions that year), Villarreal was sentenced to (1) sixty days for a bail jumping offense in case 02CF3825 and (2) twenty-eight months of confinement and twenty-six months of extended supervision for a manufacturing or delivery of cocaine offense in case 02CF4451. (Doc. 8 at 7-8.) The next day, on November 6, 2002, he was sentenced in case 02CF3346 by Milwaukee County Circuit Judge Jeffrey Conen to two years of incarceration plus three years of extended supervision, consecutive to any other sentence, for a third-degree sexual assault offense. However, Judge Conen stayed that sentence and placed Villarreal on probation for four years. (Doc. 8 at 6-8.) At sentencing Judge Conen stated that the probation term would be consecutive to any other sentence. (Doc. 8 at 1.) However, the judgment failed to indicate whether the probation sentence was to run concurrent to or consecutive to any other sentences. (Doc. 8 at 6.) As a result, the Wisconsin Department of Corrections ran the probation term concurrently.

At some point, possibly on June 14, 2005, Villarreal was placed on extended supervision in case 4451[1] and parole in case 3825. (*See* Doc. 8 at 4.) His probation in case 3346 continued running concurrently.

On March 28, 2006, Villarreal violated the conditions respecting all three statuses, as found by the State of Wisconsin Division of Hearings and Appeals on August 21, 2006.

_____

[1]The court will refer to the various convictions by the last four digits of the case number.

2

Villarreal was revoked as to each status and returned to custody. (Doc. 8 at 4.) Upon revocation he was sentenced to two months for case 3825 and one year and two months of incarceration in case 4451. (*See* Doc. 8 at 7.) Two years of incarceration (to be followed by three years of extended supervision) in 3346 were imposed as to the revoked probation in case 3346. (*See* Doc. 8 at 8.) Thus, Villarreal was revoked on the probation term in case 3346 that was not supposed to be running yet.

Villarreal remained in prison until May 2009. (*See* Doc. 8 at 2.) It appears that the two month sentence in 3825 was completed in the summer of 2006 (Doc. 8 at 4), and the one year and two month period of incarceration for case 4451 ended in the fall of 2007. However, instead of being released on extended supervision for another year in case 4451, to be followed by the four years of probation in case 3346, as should have happened, Villarreal remained in custody on the revoked sentence of case 3346 for nineteen months. Villarreal says initially, he tried to get someone to correct the error in case 3346 so he could be released but gave up until April 2009 or so, at which point he sent a letter to Judge Conen requesting clarification of the probation term. The letter prompted Judge Conan to amend the judgment in 3346 to correct the clerical error and state that the probation term was consecutive. When the amended judgment was forwarded to the Wisconsin Department of Corrections and the institution where Villarreal was held, he was released from confinement and placed back on probation in 3346. (Doc. 8 at 1-2.)

Villarreal followed up with Judge Conen, moving for a sentence modification. Apparently, Villarreal contended that his right not to be placed in double jeopardy was violated by being placed back on probation and subject to revocation and prison for a sentence already served. At the time Judge Conen addressed the motion Villarreal was

3

already back in custody pending probation revocation proceedings. Judge Conen denied the motion to modify, envisioning no double jeopardy violation:

> Although the defendant served 19 months of the initial confinement term in this case before the clerical error was discovered and the judgment of conviction was amended, the court presumes that the Department will credit the defendant for this time if the probation term is revoked. Thus, the defendant will not be subject to multiple punishments for this offense.

(Doc. 8 at 2 (footnote omitted).) Additionally, Judge Conen indicated that sentence computations are performed by the Department of Corrections rather than the state courts and that "[i]f the defendant maintains that his current detention is illegal, his remedy is to file a petition for writ of habeas corpus." (*Id.* at 2 n.1.)

Villarreal filed his § 2254 petition in this court in November 2010, noting an address at the Milwaukee Secure Detention Facility, although it is unclear what charges resulted in his placement there.

Subsequently, according to respondent's motion to dismiss, Villarreal's probation in case 3346 was revoked again, effective June 28, 2011. The revocation order specified that Villarreal be given credit for 194 days toward the two-year initial confinement portion of his reimposed two-year sentence of confinement. Accordingly, as of June 28, 2011, Villarreal had one year, five months, and sixteen days remaining to serve on the revocation sentence in case 3346. (Doc. 16 at 2, Ex. 3 at 1-2.)

Villarreal has suggested how this calculation was made. His revoked extended supervision time in case 4451 ended in the fall of 2007. The first year of excess incarceration (from the too-early-revoked sentence of case 3346) was credited to fulfill the one year of remaining extended supervision in case 4451, taking Villarreal's service of that sentence to the fall of 2008. Then 194 days elapsed between the end of extended

4

supervision in case 4451 and Villarreal's release from confinement in May 2009. So Villarreal has been given equivalent credit for 194 days of his incarceration time, but the remainder of the nineteen months was substituted for extended supervision time notwithstanding the difference between custody and conditional freedom, *see State ex rel. Woods v. Morgan*, 224 Wis. 2d 534, 539-40 (Ct. App. 1999) ("Custody is distinct from parole because custody involves 'incarceration, or deprivation of liberty' while parole concerns 'the conditional privilege of freedom and liberty.'").

## MOTION TO DISMISS

Respondents contend that Villarreal has not exhausted his double jeopardy claim because he can present it to a state court via a certiorari action under Wis. Stat. § 893.735(2) or a habeas petition under Wis. Stat. § 782.03. An application for federal habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) either there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

Failure to exhaust, requiring dismissal, means that the petitioner, at the time of filing his § 2254 petition, holds an option of pursuing state relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 850-51 (1999) (Stevens, J., dissenting) (summarizing exhaustion and procedural

5

default doctrines); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *see* § 2254(c); *Perruquet v. Briley*, 390 F.3d 505, 516 (7th Cir. 2004). If no avenue of relief remains available in a state tribunal, the exhaustion requirement is satisfied. *O'Sullivan*, 526 U.S. at 852 (Stevens, J., dissenting). If the petitioner had an option to pursue state relief but failed to do so, the question is not one of exhaustion but of procedural default. *O'Sullivan*, 526 U.S. at 850-52 (Stevens, J., dissenting); *see Perruquet*, 390 F.3d at 516; *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

The doctrines of exhaustion and procedural default involve situations in which failure to present a claim in the state courts bars the granting of federal habeas corpus relief in the federal courts. However, dismissal for failure to exhaust results in dismissal without prejudice. The habeas petition is premature and the petitioner must go to the state courts before returning to federal court. On the other hand, dismissal for procedural default is with prejudice. The petitioner has waived his right to review by not presenting the claim to the right tribunal in the right manner. *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002). Moreover, procedural default can be overcome if a petitioner establishes cause for the default and prejudice resulting therefrom or that denial of relief will result in a miscarriage of justice. *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009); *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Thus, the petitioner must be given an opportunity to make those showings before dismissal for procedural default.[2]

_____

[2]Because procedural default analysis often involves matters outside the pleadings, it may not be a proper subject for a motion to dismiss.

Respondents' motion argues failure to exhaust.  If respondents are correct, an avenue of relief remains open to Villarreal.

Initially, respondents say that Villarreal has the opportunity to file a certiorari action in Wisconsin state courts regarding his revocation of June 28, 2011, which sent him to prison a second time on the same sentence.  However, the time period for a certiorari action is very short—forty-five days.  *See* Wis. Stat. § 893.735(2).  When respondents filed their motion to dismiss, Villarreal was within a forty-five day period, but he now is not, and it is unclear whether that forty-five day period was relevant.  This federal habeas case was filed *prior* to Villarreal's June 2011 revocation; Villarreal filed this case based on an argument that the reimposition of probation was a constitutional violation.  Respondents do not indicate whether the state's reimposition in May 2009 of probation that had already been revoked—and the revoked sentence partially served—could be challenged in a certiorari action.  But even if so, the time to present that challenge expired in June or July 2009, forty-five days after Villarreal's probation was reimposed.  When Villarreal filed the instant habeas petition in November 2010, the time for filing such a certiorari action would have run.  Maybe Villarreal should have filed a certiorari action after the first revocation of the 3346 sentence or following the reimposition of probation, but either would be relevant to procedural default not exhaustion.  At the time Villarreal filed this case no such avenue of relief existed for him, and no such avenue exists now.  No certiorari window remains open on the June 28, 2011 revocation, either.

Alternately, respondents assert that Villarreal has available a habeas corpus action under Wis. Stat. § 782.03.  In denying Villarreal's 2009 motion for sentence modification,

7

Judge Conen suggested that if Villarreal maintained that his detention at that time was illegal his remedy was to file for writ of habeas corpus. (Doc. 8 at 2 n.1.)

A petitioner seeking state-law habeas corpus relief must (1) be restrained of his liberty, (2) show that the restraint was imposed by a tribunal lacking jurisdiction or that the restraint was imposed contrary to the constitution, and (3) show that no other adequate remedy at law is available. *State ex rel. L'Minggio v. Gamble*, 2003 WI 82, ¶ 18, 263 Wis. 2d 55, ¶ 18. But to this court it appears unlikely that Villarreal can pursue a writ of habeas corpus in state court regarding the reimposition of probation or incarceration as alleged. Wisconsin Statute § 782.01 broadly permits "[e]very person restrained of personal liberty" to prosecute a writ of habeas corpus action to be relieved from such restraint. However, Wis. Stat. § 782.02 then takes back much of what § 782.01 has given, as § 782.02 provides that no person detained by virtue of a final judgment or order of a civil or criminal tribunal may prosecute such a writ. Villarreal is incarcerated pursuant to the final judgment of a state court as well as an order of the state's Division of Hearings and Appeals, which may qualify as a criminal tribunal. Moreover, state habeas is an "extraordinary writ that is only available to a petitioner under limited circumstances." *State ex rel. L'Minggio*, 2003 WI 82, ¶ 18. It is unavailable when the petitioner has—or had—an alternate remedy. *State ex rel. Haas v. McReynolds*, 2002 WI 43, ¶¶ 13-20, 252 Wis. 2d 133, ¶¶ 13-20. It is likely that Villarreal's now-expired right to file a certiorari action bars any state habeas remedy. *See id.* ¶ 14 ("Habeas corpus proceedings are likewise not available to challenge an administrative order revoking probation, since a writ of certiorari is available, and is the proper remedy under such circumstances."). Hence, respondents have not convinced this

8

court that Villarreal has a remedy under § 782.03 thereby warranting dismissal of the present case.

CONCLUSION

For the above-stated reasons,

IT IS ORDERED that the caption of the case is amended to reflect Denise Symdon and Kelly Kincaid as respondents.

IT IS FURTHER ORDERED that the motion to dismiss for failure to exhaust (Doc. 15) is denied.

IT IS ORDERED that within sixty days of the date of this order respondents must file an answer, motion, or other appropriate response to the petition.  An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue.

IT IS ORDERED that if respondents file an answer, petitioner shall have forty-five days from receipt of the answer to file a brief in support.  An opposition brief may be filed by respondents within forty-five days of receipt of petitioner's brief, and petitioner shall have thirty days within which to file a reply, if any.  Principal briefs may not exceed thirty pages; reply briefs may not exceed fifteen pages.

Dated at Milwaukee, Wisconsin, this 29th day of November, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

9